**Marco Antonio LOPEZ CHAVEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70556.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 13, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marco Antonio Lopez Chavez, Banning, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Edward C. Durant, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, M. SMITH and IKUTA, Circuit Judges.

## MEMORANDUM **

Marco Antonio Lopez Chavez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying as abandoned his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

■ The agency properly determined that Lopez Chavez's application for cancellation of removal was abandoned, where the IJ instructed Lopez Chavez to submit fingerprints and his criminal history record and informed him of the consequences of his failure to do so, yet nearly two years later Lopez Chavez did not establish diligence in complying with this requirement. *See* 8 C.F.R. § 1003.31(c) (permitting IJ to set filing deadlines and to deem applications abandoned when deadlines not met); *cf. Cui v. Mukasey*, 538 F.3d 1289, 1293–95 (9th Cir.2008).

The BIA did not err by failing to consider the new evidence Lopez Chavez submitted on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (2006) (prohibiting the BIA from conducting fact-finding on appeal).

■ We lack jurisdiction to consider Lopez Chavez's contention that the IJ erred by failing to grant a continuance, because he did not exhaust that issue before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.